UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GALINDO-MURILLO, | No. 2:23-cv-00645-EFB (HC) |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| WARDEN, FCI-HERLONG, | |
| Respondent. | |

Petitioner is a former federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241. ECF No. 1. Before the court is respondent's motion to dismiss the petition (ECF No. 15), to which petitioner has filed an opposition. ECF No. 17. For the reasons set forth below, the motion must be granted.

**I.   The Petition**

When petitioner commenced this action on April 6, 2023, he was confined to federal prison at Federal Correctional Institution—Herlong.[1] ECF No. 1 at 1. Petitioner alleges that respondent violated the "First Step Act" (18 U.S.C. §§ 3632, 3624(g)) by failing to award him earned-time credits for programs he completed, which entitled him to release 365 days early. *Id.* at 1-2. Petitioner asserts that, based on his tentative release date of December 20, 2023, he was

---

[1] The court takes judicial notice of federal records indicating that petitioner was released from prison on December 22, 2023. *See* January 8, 2024 docket notation.

1

entitled to release on December 20, 2022.[2]  *Id.* at 2; ECF No. 17 at 2.

## II. Motion to Dismiss

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. *See*, *e.g.*, *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies).  Here, respondent contends that that the petition should be dismissed for failure to exhaust administrative remedies.  Respondent further argues that petitioner fails to state a § 2241 claim, as he has no constitutional or statutory basis to claim First Sentence Act (FSA) sentence offsets because he is subject to a final order of removal from another federal court.

## III. Legal Standards

### A. Section 2241

Federal inmates have two avenues for pursuing habeas corpus relief.  First, a challenge to a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.  Section 2255 motions are filed in the judicial district where the conviction occurred.  Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement.

### B. First Step Act

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  It created an evidence-based recidivism reduction program that incentivizes inmates to participate in and complete programs and productive activities by awarding them "10 days of time credits ..." and "an additional 5 days

---

[2] For purposes of these findings and recommendations, the court assumes *arguendo* that petitioner's claim is not mooted by his release from prison.  The Ninth Circuit held in *Mujahid v. Daniels* that a § 2241 petition seeking immediate release is not mooted by the petitioner's release from custody where (1) the petitioner's sentence includes a term of supervised release; and (2) there is a "possibility" that the sentencing court might use its discretion to reduce the petitioner's term of supervised release to compensate for a period of over-incarceration. 413 F.3d 991, 994-95 (9th Cir. 2005) (quoting *Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001)).

of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism. 18 U.S.C. § 3632(d)(4). By January 15, 2020, the Bureau of Prisons (BOP) was required to conduct an initial intake risk and needs assessment for each prisoner and "begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination." 18 U.S.C. 3621(h). The BOP implemented its final agency rules regarding the earning and awarding of earned time credits (ETCs) under the First Step Act on January 19, 2022. *See* 87 Fed. Reg. 2,705-01, 2022 WL 159155 (F.R.) (codified at 28 C.F.R. §§ 523.40-523.44) (awarding ten days of FSA time credits "[f]or every thirty-day period that an eligible inmate successfully participates in [Evidence Based Recidivism Reduction Programs ("EBRRs") and Productive Activities ("PAs")].").

### IV.     Discussion

Petitioner claims that he earned 365 days toward early release and was eligible to receive them. ECF No. 1 at 2, 5 & 7 (Exhibits 1 & 2). He requests that the court "order the BOP to apply the earned credits in accordance with the First Step Act, and to further calculate the release date to reflect the proper application of these earned time credits." *Id*. at 3.

Documents attached by respondent indicate that petitioner pled guilty to the charge of distribution of heroin on January 14, 2022. ECF No. 15 at 2, citing ECF No. 15-1 (Appendix). On May 13, 2022, he was sentenced to serve 37 months in BOP custody at FCI-Herlong. *Id*. Petitioner was deemed ineligible to apply for earned-time credit under the First Step Act because Immigration and Customs Enforcement (ICE) records indicated that he had a "final order of removal." *Id*. at 2, citing ECF No. 15-1 at 21. Assuming good time conduct, petitioner had a projected release date of December 20, 2023. *Id*. BOP records indicate that petitioner was in fact released from custody on December 22, 2023.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Chua Han Mow v. United* States, 730 F.2d 1308, 1313 (9th Cir. 1984); *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

judicially created; it is not a statutory requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." *Id*. If petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." The exhaustion requirement "is not lightly to be disregarded." *Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted).

In a declaration attached to the motion to dismiss, BOP Paralegal Specialist Jennifer Vickers states that petitioner has never requested FSA credits through the BOP's administrative remedy process, and petitioner does not dispute this or address the exhaustion requirement at all in his filings. *See* ECF No. 15-1, Vickers Decl. at ¶ 8 (review of records indicates that petitioner "has not filed any Administrative Remedy surrounding his request for [FSA] credits."). Thus, based on this record, the claim is unexhausted.

In addition to arguing failure to exhaust, respondent argues that petitioner fails to state a claim, as he has no basis to claim FSA sentence offsets because he is subject to a deportation order from another federal court. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . of the Immigration and Nationality Act"). Respondent asserts that petitioner is ineligible for FSA credits, citing a February 22, 2022 Department of Homeland Security Immigration Detainer based on a final order of removal. ECF No. 15-1, Vickers Decl. at ¶ 6, citing ECF No. 15-1 at 21.[3]

In *Salazar v. Warden, FCI-Mendota*, No. 1:23-cv-00039-SKO (HC), 2023 WL 3254633, at *3 (E.D. Cal. May 4, 2023), another court in this district noted a 2023 change to BOP policy regarding deportation orders:

> Before November 18, 2022, the BOP took the position that inmates with detainers were ineligible for FSA credits. On November 18, 2022, the BOP issued Program Statement 5410.01 which modified the BOP procedures to allow inmates with detainers to earn FTCs; inmates could not have those FTCs applied until the detainers were resolved. U.S. Dep't of Justice, Federal Bureau of Prisons, Program

---

[3] Page citations refer to page numbers assigned by the court's docketing system.

>   Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4), at 17 (Nov. 18, 2022), https://www.bop.gov/policy/progstat/5410_01.pdf[.])
>
>   Recently, on February 6, 2023, the BOP issued a change notice to the program statement in which the BOP deleted the requirement that inmates must have no detainers to have FTCs applied to their sentence. U.S. Dep't of Justice, Federal Bureau of Prisons, Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Feb.6,2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf [.])

*See* U.S. Dep't of Justice, Federal Bureau of Prisons, Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) at 14 (last visited Jan. 24. 2024). The *Salazar* court found that a § 2241 petitioner with an order of deportation was "no longer barred from earning FTCs and having them applied to his sentence due to the detainer." 2023 WL 3254633 at *3. The court also found that "the exhaustion requirement should not be excused in this case" because, given the policy change, exhaustion of administrative remedies would not have been futile. *Id*. at *4.

Here, petitioner has made no attempt to exhaust administrative remedies as to his claim, nor offers any explanation why he failed to do so. In his petition, he simply argues that he was "<u>not</u> subject to any final order of deportation[.]" ECF No. 1 at 2 (emphasis in original). In opposition to the motion, he asserts that BOP has failed to furnish him with a copy of the deportation order. ECF No. 17 at 3. Petitioner has since been released from prison.[4]

Considering the foregoing, the respondent's motion to dismiss should be granted and the petition dismissed without prejudice for failure to exhaust administrative remedies. *See, e.g.*, *Mohammad v. Thompson*, No. 2:21-cv-02162-TLN-CKD P, 2022 WL 4484545 at *3 (E.D. Cal. Sept. 27, 2022 ) ("The BOP should be given the first opportunity to address petitioner's argument that he is entitled to a total of 180 days of earned time credits. Thus, the court will not excuse petitioner's failure to exhaust his administrative remedies."), citing *Chua Han Mow*, 730 F.2d at

---

[4] To date, petitioner has not filed a change of address with this court. *See* Local Rule 182(f), which requires that a party appearing in propria persona inform the court of any address change.

1313 (emphasizing that a federal inmate is required to exhaust the BOP's administrative procedures before seeking habeas relief in order to preserve an adequate record for judicial review).

### V.     Conclusion

Accordingly, IT IS HEREBY ORDERED THAT the Clerk of Court shall assign a district judge to this action.

IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss (ECF No. 15) be GRANTED;
2. The petition (ECF No. 1) be DISMISSED without prejudice; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

DATED: February 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE